# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OKLAHOMA

| | |
|---|---|
| **JOSE SANTINI,** *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-15-568-HE |
| | ) |
| **PD-RX PHARMACEUTICALS, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT INCORRECTLY DENOMINATED COVIDIEN INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH BRIEF IN SUPPORT

**Submitted by:**

F. Thomas Cordell, OBA #1912
FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, MCCALLA & BROWN LLP
**Attorney for Defendant, Incorrectly Denominated Covidien Inc.**
201 N. 4th Street; P. O. Box 533
Chickasha, Oklahoma 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-2319
Email: tcordell@fccpsm.com

i

# TABLE OF CONTENTS

I.   INTRODUCTION………………………………………………………………1

II.  FACTUAL BACKGROUND………………………………………………...2

III. ARGUMENT…………………………………………………………………3

    A.   Plaintiffs' Petition Is Facially Devoid Of Any Allegations Sufficient To Establish That Specific Jurisdiction In Oklahoma Over Covidien Is Proper….4

    1.   Specific jurisdiction does not exist because Plaintiffs' claims do not arise out of or relate to Covidien's purported contacts with Oklahoma………….5

    2.   To the extent Plaintiffs' Petition identifies an undetermined number of Oklahoma residents, this Court can and should dismiss any and all non-resident plaintiffs for lack of personal jurisdiction…………………………6

    B.   General Jurisdiction In Oklahoma Does Not Exist As To Covidien Because Covidien Is Not "At Home" In Oklahoma………………………………7

IV.  CONCLUSION………………………………………………………………9

# **TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                                                    Page(s)

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)……………………………………...5

*Calder v. Jones*, 465 U.S. 783 (1984)…………………………………………………………..6

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)……………………………………………...2, 7, 8

*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008)…….4, 5

*Evans v. Johnson & Johnson*, No. 14-cv-2800, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014).…8

*Fireman's Fund Ins. Co. v. Thyssen Min. Const.*, 703 F.3d 488 (10th Cir. 2012)…..3, 7, 8

*Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846 (2011)………………2, 4, 7

*Guffey v. Ostonakulov*, 321 P.3d 971 (Okla. 2014)…………………………………………….3

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)………………………..3, 4, 6

*Kraft v. Johnson & Johnson*, No. 2:15–cv–01517, 2015 WL 1546814 (S.D. W. Va. Apr. 8, 2015…..7

*Locke v. Ethicon Inc.*, No. 4:14–CV–2648, 2014 WL 5819824, *7 (S.D. Tex. Nov. 10, 2014)……7, 8

*Monge v. RG Petro–Machinery (Group) Co., Ltd.*, 701 F.3d 598 (10th Cir. 2012)……5, 6

*Outdoor Channel, Inc. v. Performance One Media, LLC*, 826 F. Supp. 2d 1271 (N.D. Okla. 2011)…5

*Rush v. Savchuk*, 444 U.S. 320 (1980)…………………………………………………………6

*Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011)…………………………2, 4, 5, 7, 8

*Walden v. Fiore*, 134 S. Ct. 1115 (2014)…………………………………………………….2, 6

<u>STATUTES</u>

Fed. R. Civ. P. 12…………………………………………………………………………….1, 9

Defendant Incorrectly Denominated Covidien Inc. ("Covidien"), pursuant to Fed. R. Civ. P. 12(c) and (b)(2), respectfully moves this Court for an order dismissing Plaintiffs' Petition against Covidien for lack of personal jurisdiction and submits the following in support of its Motion:[1]

## I.     INTRODUCTION

Plaintiffs' Petition is facially devoid of any allegations establishing that either specific or general personal jurisdiction exists over Covidien.  For instance, Plaintiffs' Petition does not allege that any particular plaintiff is an Oklahoma resident or that any plaintiff was prescribed, purchased, or ingested propoxyphene-containing products in Oklahoma that were manufactured, distributed, or sold by Covidien.[2]  Furthermore, Plaintiffs' Petition fails to allege that any plaintiffs were, in fact, injured in Oklahoma. Covidien is not subject to specific jurisdiction in Oklahoma under such circumstances. Nor can Plaintiffs subject Covidien to general jurisdiction in Oklahoma, as Covidien is neither incorporated in Oklahoma, nor does it maintain its principal place of business in Oklahoma.

---

[1]  In making this motion, Covidien does not waive its right to file additional motions pursuant to Federal Rule of Civil Procedure Rule 12 or Title 12, Section 2012(B)(2), of the Oklahoma Statutes.

[2]  Covidien acknowledges that Paragraph 22 of Plaintiffs' Petition states: "PD-Rx is and was engaged in the business of marketing, distributing, promoting, advertising, and selling Propoxyphene Products nationwide and specifically within the State of Oklahoma, including Pottowatomie and Stephens Counties, *where Plaintiffs resided and/or ingested Propoxyphene Products*." (Petition, ¶ 22 (emphasis added).) However, Covidien disputes that such generic allegations regarding co-defendant PD-Rx are sufficient to establish personal jurisdiction as to Covidien. *See infra* Section III.A.2.

It is axiomatic that to survive a motion to dismiss for lack of personal jurisdiction under Rule 12 Plaintiffs' Petition must make a prima facie showing that personal jurisdiction over Covidien exists. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). Because Plaintiffs' Petition fails to set forth any allegations establishing that either specific or general personal jurisdiction exists over Covidien, Plaintiffs' claims against Covidien are properly dismissed. *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Walden v. Fiore*, 134 S. Ct. 1115 (2014).

## II.   FACTUAL BACKGROUND

*Defendant Incorrectly Denominated Covidien Inc.* Covidien Inc. is the former name of a corporation organized under the laws of Delaware and maintains its principal place of business in Massachusetts. (Petition, ¶ 81.) Plaintiff alleges Covidien manufactured, distributed, and sold certain prescription pharmaceutical products containing the active ingredient propoxyphene. (*See generally id.*, ¶¶ 85-86.)

*Plaintiffs.* Plaintiffs' Petition identifies 91 individual plaintiffs who allege that they were injured as a result of the use of propoxyphene-containing products.[3] (*See generally id.* (caption only).) None of the plaintiffs identify his or her individual state of residence. (*Id.*, ¶ 91.) While Plaintiffs collectively allege that "[a]t least one plaintiff is a resident of North Carolina" and "[a]t least one plaintiff is a resident of Maryland" (*id.*, ¶¶ 93, 94), Plaintiffs' Petition does not identify which plaintiffs reside in North Carolina or Maryland, nor does it identify any other states where individual plaintiffs might reside.

---

[3] Certain plaintiffs are spouses whose only claim is for loss of consortium.

2

(*See generally id.*) It is clear, however, that no individual plaintiff is identified in Plaintiffs' Petition as an Oklahoma resident. (*See generally id.*)

*Alleged Injuries.* Plaintiffs' Petition generally alleges that Plaintiffs are individuals who ingested propoxyphene-containing products and suffered injuries as a result. (*Id.*, ¶ 91.) However, Plaintiffs' Petition does not allege that any plaintiff was prescribed, purchased, or ingested a propoxyphene-containing product in Oklahoma that was manufactured, distributed, and/or sold by Covidien. (*See generally id.*) Nor does Plaintiffs' Petition allege that any particular plaintiff suffered his or her alleged injuries or received treatment in Oklahoma after ingesting a propoxyphene-containing product that was manufactured, distributed, and/or sold by Covidien. (*See generally id.*)

### III. ARGUMENT

It is Plaintiffs' burden to establish that exercising personal jurisdiction over Covidien is proper under the laws of the forum state (here, Oklahoma) and does not offend due process. *Fireman's Fund Ins. Co. v. Thyssen Min. Const.*, 703 F.3d 488, 492 (10th Cir. 2012) (citations omitted). Oklahoma's long arm statute supports personal jurisdiction to the full extent of federal due process. *Guffey v. Ostonakulov*, 321 P.3d 971, 975 (Okla. 2014) ("[T]he intent of the long-arm statute is to extend the jurisdiction of Oklahoma courts over non-residents to the outer limits permitted by the Oklahoma Constitution and the due process clause of the United States Constitution.") (citations omitted). Accordingly, the present Motion is guided by the principles set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. *Guffey*, 321 P.3d at 975. Consistent with these due process principles, Covidien must have

3

"minimum contacts" with Oklahoma, such that having to defend a lawsuit here does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.  Such minimum contacts may give rise to personal jurisdiction over a non-resident defendant such as Covidien either specifically (i.e., a defendant is subject to the Court's jurisdiction solely for lawsuits arising out of its particular forum-related activities) or generally (i.e., a defendant can be subject to the Court's jurisdiction for any lawsuit filed within the forum). *Shrader*, 633 F.3d at 1239 (*citing Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008)).

Here, Plaintiffs' Petition is facially devoid of any allegations sufficient to establish that either specific or general jurisdiction in Oklahoma over Covidien is proper. Because Plaintiffs have failed to meet their burden to set forth a prima facie case establishing that personal jurisdiction exists, Covidien should be dismissed.

    **A.**    **Plaintiffs' Petition Is Facially Devoid Of Any Allegations Sufficient To Establish That Specific Jurisdiction In Oklahoma Over Covidien Is Proper.**

Specific jurisdiction does not exist where, as here, the injuries alleged by plaintiffs do not arise from any actual contacts between the defendant and the forum. *Goodyear*, 131 S. Ct. at 2851 ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.") (internal quotations omitted).  Rather, for this Court to assert specific jurisdiction over Covidien, a non-resident defendant, Plaintiffs' Petition, at a minimum, must establish that the out-of-state defendant "purposefully directed" its activities at residents of the forum state and the plaintiffs' injuries ***"arise out of"*** Covidien's forum-related activities. *Shrader*, 633

4

259800 v1

F.3d at 1239 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)) (emphasis added).  Put simply, a "nexus" between Covidien's forum-related contacts and the Plaintiffs' cause of action must exist.  *Monge v. RG Petro–Machinery (Group) Co., Ltd.*, 701 F.3d 598, 614 (10th Cir. 2012) (citations omitted); *see also Outdoor Channel, Inc. v. Performance One Media, LLC*, 826 F. Supp. 2d 1271, 1280 (N.D. Okla. 2011) ("The 'arise out of' factor requires that there be a causal connection between a non-resident defendant's activities in the forum and the lawsuit.") (*citing Dudnikov*, 514 F.3d at 1078).

> 1. *Specific jurisdiction does not exist because Plaintiffs' claims do not arise out of or relate to Covidien's purported contacts with Oklahoma.*

In this case, Plaintiffs cannot credibly assert that specific jurisdiction over Covidien exists.  Covidien's alleged activities within Oklahoma are wholly unrelated to any individual plaintiff's claims.  For example, Plaintiffs allege generically that all defendants "transacted, solicited, and conducted business in the State of Oklahoma and derived substantial revenue from such business" and that all defendants "should have expected that their acts would have consequences within the United States of America, including the State of Oklahoma."  (Petition, ¶¶ 17-18.)  However, Plaintiffs' Petition does not allege that any particular plaintiff is an Oklahoma resident or that any plaintiff was prescribed, purchased, or ingested a propoxyphene-containing product in Oklahoma that was manufactured, distributed, or sold by Covidien.  Plaintiffs further do not allege they were injured in Oklahoma.  (*See generally id.*)  There is simply no "nexus" between Covidien's alleged conduct in Oklahoma and the underlying facts giving rise to

5

Plaintiffs' claims. Under these circumstances, specific jurisdiction over Covidien in Oklahoma does not exist. *Walden*, 134 S. Ct. at 1124-26. *See also Monge*, 701 F.3d 598, 617-618.

> **2. To the extent Plaintiffs' Petition identifies an undetermined number of Oklahoma residents, this Court can and should dismiss any and all non-resident plaintiffs for lack of personal jurisdiction.**

Covidien does not dispute that Paragraph 22 of Plaintiffs' Petition states: "PD-Rx is and was engaged in the business of marketing, distributing, promoting, advertising, and selling Propoxyphene Products nationwide and specifically within the State of Oklahoma, including Pottowatomie and Stephens Counties, *where Plaintiffs resided and/or ingested Propoxyphene Products*." (Petition, ¶ 22 (emphasis added).)[4] However, it is well-settled that an individual plaintiff must establish specific jurisdiction with respect to *each* defendant. *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of International Shoe, however, must be met as to each defendant over whom a state court exercises jurisdiction."). Thus, such generic allegations regarding co-defendant PD-Rx do not establish specific jurisdiction as to Covidien.

Assuming *arguendo* that the allegations in Paragraph 22 are sufficient to establish the existence of some, undetermined number of Oklahoma residents, which Covidien disputes, this Court can and should dismiss any and all non-resident plaintiffs for lack of

---

[4] Notably, this is the only instance in Plaintiffs' 108-page Petition where such allegations exist.

personal jurisdiction and retain jurisdiction over only the claims of any putative Oklahoma residents. *See, e.g.*, *Kraft v. Johnson & Johnson*, No. 2:15–cv–01517, 2015 WL 1546814, *7 (S.D. W. Va. Apr. 8, 2015) (dismissing the claims of out-of-state plaintiffs for lack of personal jurisdiction and retaining jurisdiction over only the remaining in-state plaintiffs); *Locke v. Ethicon Inc.*, No. 4:14–CV–2648, 2014 WL 5819824, *7 (S.D. Tex. Nov. 10, 2014) (same). In so doing, this Court would not leave out-of-state Plaintiffs without a venue, as they would be free to seek relief in the courts of their own states.[5]

### B. General Jurisdiction In Oklahoma Does Not Exist As To Covidien Because Covidien Is Not "At Home" In Oklahoma.

The Supreme Court has made clear that a court does not have general jurisdiction over an out-of-state business unless its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially ***at home*** in the forum State." *Daimler*, 134 S. Ct. at 754 (*quoting Goodyear*, 131 S. Ct. at 2851) (emphasis added). *See also Fireman's Fund Ins.*, 703 F.3d at 493 (same). *Cf. Shrader*, 633 F.3d at 1243 ("contacts . . . must be of a sort that 'approximate physical presence' in the state—and 'engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders'").

---

[5] Covidien hereby reserves the right to file additional motions with respect to the claims of any out-of-state plaintiffs, including on the basis of *forum non conveniens*, should this Court elect to deny the present Motion and retain jurisdiction over the claims of all plaintiffs.

Under the standards set forth in *Daimler* and adopted by the Tenth Circuit in *Fireman's Fund* and *Shrader*, this Court lacks general personal jurisdiction over Covidien. Covidien neither maintains its principal place of business in Oklahoma nor is organized under Oklahoma law. Instead, Covidien is a Delaware corporation with its principal place of business in Massachusetts. In addition, Plaintiffs do not allege (nor could they) that Covidien conducts activities in Oklahoma that are so exceptional or extraordinary as to render it "at home" in Oklahoma. While Covidien admittedly conducts *some* business in Oklahoma (as well as in every other state in the United States), this is of no import. *Daimler* and subsequent cases hold that an entity is not subject to general personal jurisdiction in a state merely because it conducts business in that state—even if its business contacts are significant and continuous. *See, e.g.*, *Daimler*, 134 S. Ct. at 761-62; *Locke*, 2014 WL 5819824 (holding that Texas court lacked general jurisdiction over defendant, even though defendant sold millions of dollars of subject products in Texas over a nine-year period, nearly twice what they sold in home state of New Jersey); *Evans v. Johnson & Johnson*, No. 14-cv-2800, 2014 WL 7342404, at *5 (S.D. Tex. Dec. 23, 2014) ("A corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (internal quotation marks omitted)).

Because well-established law dictates that Covidien can only be subject to general jurisdiction "at home" (i.e., in Delaware or Massachusetts)—not in Oklahoma, Plaintiffs' Petition against Covidien should be dismissed.

## **CONCLUSION**

Due process requires that Covidien have minimum contacts with Oklahoma such that it should reasonably expect being hauled into this Court by virtue of those contacts. Because Plaintiffs do not allege that any plaintiff is an Oklahoma resident, that any plaintiff was prescribed, purchased or ingested any particular product manufactured, distributed, or sold by Covidien in Oklahoma, or that any plaintiff was injured in Oklahoma, there is no "nexus" between Covidien's alleged conduct and Plaintiffs' alleged injuries. Furthermore, Covidien is not "at home" in Oklahoma. For these reasons and for the reasons stated above, Plaintiffs' Petition against Covidien must be dismissed for lack of personal jurisdiction.

**WHEREFORE**, Covidien, pursuant to Fed. R. Civ. P. 12(c) and (b)(2) respectfully moves this Court for an order dismissing Plaintiffs' Petition against Covidien for lack of personal jurisdiction, and for any other and further relief this Court deems just and proper in the premises.

s/ *Thomas Cordell*
F. Thomas Cordell, OBA #1912
FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, MCCALLA & BROWN LLP
**Attorney for Defendant, Incorrectly Denominated Covidien Inc.**
201 N. 4th Street; P. O. Box 533
Chickasha, Oklahoma 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-2319
Email: tcordell@fccpsm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 1st day of June, 2015, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case filing system.

s/ *Thomas Cordell*
F. Thomas Cordell

259800 v1