| | |
|---|---|
| JOSE SANTINI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 5:15-cv-00568-R |
| vs. | ) |
| | ) |
| ELI LILLY AND COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS FOR**
**LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), pursuant to Rules 12(b)(2)

and (c) of the Federal Rules of Civil Procedure, respectfully moves this Court for

judgment on the pleadings in their favor as to all claims asserted against Teva in

Plaintiffs' Petition because this Court lacks personal jurisdiction over this Defendant.

Teva further submits the following brief in support of its Motion.[1]

## I. INTRODUCTION

This is one of eight multi-plaintiff cases filed in the District Court of Stephens

County, and subsequently removed to this Court, in which 615 individual plaintiffs from

various states have asserted personal injury claims against Teva and other purported

manufacturers and distributors of brand-name or generic propoxyphene-containing

medications. Teva is entitled to judgment in its favor and dismissal of all claims against

---

[1] Without waiving its personal jurisdiction defenses, Teva specifically preserves all other
defenses and reserves the right to file additional motions to dismiss and/or for judgment
on the pleadings pursuant to applicable procedural law.

it, because Plaintiffs' Petition is facially devoid of allegations establishing that either specific or general personal jurisdiction exists over Teva. In fact, there is no general jurisdiction over Teva because Teva is not "at home" in Oklahoma, and there is no specific jurisdiction because the out-of-state Plaintiffs' claims do not arise out of Teva's purported contacts with Oklahoma. *See Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011).

## II.  RELEVANT BACKGROUND

Teva was at all relevant times a corporation organized under the laws of Delaware, with its principal place of business in Pennsylvania. (Pet. ¶ 70). Plaintiffs allege Teva manufactured, distributed, and/or sold certain propoxyphene-containing medications. (*See, id.* ¶ 73).

Plaintiffs' Petition names over 90 individual plaintiffs who assert claims against Teva and over 25 other corporate defendants.[2] The Petition, however, fails to identify a single Plaintiff who resides in Oklahoma.[3] In fact, the Petition fails to identify the residences of any individual Plaintiff, and instead only notes, collectively, that "[a]t least one" unidentified Plaintiff is a resident of North Carolina, and "[a]t least one" unidentified Plaintiff is a resident of Maryland). (Pet. ¶¶ 93-94).

Moreover, the Petition fails to identify any individual Plaintiff, whether a resident of Oklahoma or not, who allegedly purchased or ingested propoxyphene-containing

---

[2] Certain Plaintiffs are spouses whose claims are limited to loss of consortium.
[3] Plaintiffs' general allegation that Defendant PD-Rx (who has been dismissed) transacted business in Oklahoma "where Plaintiffs resided and/or ingested Propoxyphene Products," (Pet. ¶ 22), without further identification or specificity, is insufficient to support personal jurisdiction.

medications manufactured, marketed, or sold by Teva in Oklahoma. Further, Plaintiffs'

Petition fails to assert that any individual Plaintiff was allegedly injured in Oklahoma by

a propoxyphene-containing product manufactured, marketed, or sold by Teva. In short,

Plaintiffs do not allege that their claims arise out of or relate to *any* of Teva's alleged

conduct in Oklahoma.

## III.  ARGUMENT

To survive a motion to dismiss, or for judgment on the pleadings, Plaintiffs'

Petition must make a *prima facie* showing that personal jurisdiction over Teva exists.

*Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). "Personal jurisdiction is

established by the laws of the forum state and must comport with constitutional due

process." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488,

492 (10th Cir. 2012). "The test for exercising long-arm jurisdiction in Oklahoma is to

determine first whether the exercise of jurisdiction is authorized by statute and, if so,

whether such exercise of jurisdiction is consistent with constitutional requirements of due

process." *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1385-86 (10th Cir. 1980)

(citations omitted). Because the Oklahoma long-arm statute extends jurisdiction to the

maximum extent permitted by due process, "this two-part inquiry collapses into a single

due process analysis." *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1988);

*see also*, OKLA. STAT. ANN. tit. 12, § 2004(F).

Under the constitutional due process analysis, this Court "may exercise personal

jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts'

between the defendant and the forum State," such that having to defend a lawsuit there

would not "offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980) (citation omitted); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). These minimum contacts may support general jurisdiction (contacts so continuous and systematic as to render the defendant "at home" in the forum State) or specific jurisdiction (contacts showing the defendant "purposefully directed" its activities to the forum State and the alleged injuries arose out of those forum-related activities). *Fireman's Fund*, 703 F.3d at 492.

Here, Plaintiffs' Petition is lacking in allegations sufficient to establish either of the specific or general jurisdictional requirements as to Teva. There has been no showing that Teva is "at home" in Oklahoma, nor any showing that Plaintiffs' injuries arose out of Teva's activities within Oklahoma.[4]

### A. Teva is Not Subject to General Jurisdiction Because It is Not "At Home" in Oklahoma.

Under the Supreme Court's decisions in *Goodyear* and *Daimler,* general jurisdiction is limited exclusively to those states in which a corporation's contacts are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761; *Goodyear*, 131 S. Ct. at 2851; s*ee also Fireman's Fund*, 703 F.3d at 493 (same). The "paradigm" bases for general jurisdiction are the place of incorporation and principal place of business. *Daimler*, 131 S. Ct. at 2853-54. Further,

---

[4] In further support, Teva relies upon, adopts and incorporates herein the arguments and authorities presented by its Co-Defendants in their respective Motions to Dismiss and/or Motions for Judgment on the Pleadings for lack of personal jurisdiction (including the alternative argument that this Court may retain jurisdiction over only those claims brought by putative Oklahoma residents, to the extent any exist, and dismiss all others).

general jurisdiction does <u>not</u> extend beyond these "paradigm" bases to include "every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Daimler*, 134 S. Ct. at 760-61. The Court in *Daimler* further concluded that applying general jurisdiction in this manner to states in which a corporation is <u>not</u> incorporated and does <u>not</u> have its principal place of business, would constitute an "exorbitant[] exercise of all-purpose jurisdiction" that "would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 761-62 (*quoting Burger King Corp.*, 471 U.S. 462, 472 (1985) (internal quotations omitted).

Under the standards set forth in *Daimler* and adopted by the Tenth Circuit in *Fireman's Fund* and *Shrader*, this Court lacks general jurisdiction over Teva in this case. Plaintiffs' Petition wholly fails to allege any facts suggesting Teva is at home in Oklahoma and subject to general jurisdiction, and instead attempts to assert the "all-purpose" jurisdiction explicitly rejected in *Daimler*. To the contrary, the Petition specifically alleges that Teva is incorporated in Delaware and has its principal place of business in Pennsylvania. (Pet. ¶ 70). Thus, Plaintiffs' own pleading establishes Teva is not "at home," and therefore general jurisdiction is lacking in Oklahoma.

**B.     Plaintiffs Fail to Plead Facts Establishing Teva is Subject to Specific Jurisdiction in Oklahoma.**

For specific jurisdiction to exist, the cause of action must arise out of or relate to the nonresident defendant's contacts with the forum State. Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity

or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 131 S. Ct. at 2851 (internal citations omitted). Plaintiffs must show that the nonresident defendant "'purposefully directed' its activities at residents of the forum state" and that the plaintiff's injuries "'arise out of' defendant's forum-related activities." *Shrader*, 633 F.3d at 1239 (*quoting Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2009)); *Burger King*, 471 U.S. at 472).[5] In other words, a "nexus" must exist between Teva's forum-related contacts and the Plaintiffs' cause of action. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 614 (10th Cir. 2012) (*quoting Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1160 (10th Cir. 2010)); *see also*, *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Further, it is Plaintiffs' burden to establish the causal connection between Teva's forum-related activities and Plaintiffs' putative injuries. *See Newsome v. Gallacher*, 722 F.3d 1257, 1269-70 (10th Cir. 2013).

Plaintiffs have failed to meet their burden to establish specific jurisdiction over Teva. First, Plaintiffs' Petition is devoid of any allegations that Teva has "purposefully directed" any activities with regard to its propoxyphene-containing medications at residents of Oklahoma. Plaintiffs' general allegation that Teva has "introduce[d] into

---

[5] *See also OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) ("[W]e must determine whether the defendant purposefully directed its activities at residents of the forum … and whether the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state.") (internal quotations and citations omitted) (emphasis in original); *see Burger King,* 471 U.S. at 472; *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 109 (1987).

interstate commerce throughout the United States, including in the State of Oklahoma

and Pottawatomie and Stephens Counties, generic Propoxyphene Products," (Pet. ¶ 73),

is insufficient because "[t]he placement of a product into the stream of commerce,

without more, is not an act of the defendant purposefully directed toward the forum

State." *Asahi Metal*, 480 U.S. at 112. *See also Bell Helicopter Textron, Inc. v. Heliqwest*

*Intern., Ltd.*, 385 F.3d 1291, 1295-96 (10th Cir. 2004) ("In the context of products

liability the minimum contacts requirement turns, in some measure, on foreseeability.

The Supreme Court has explained that 'the foreseeability that is critical to due process

analysis is not the mere likelihood that a product will find its way into the forum State

[but] that the defendant's conduct and connection with the forum State are such that he

should reasonably anticipate being hauled into court there.'") (*quoting World-Wide*

*Volkswagen*, 444 U.S. at 297).

Further, the Petition's boilerplate and conclusory allegations that ***all*** defendants

collectively "transacted, solicited, and conducted business in the State of Oklahoma and

derived substantial revenue from such business," and thus "expected or should have

expected that their acts would have consequences within the United States of America,

including the State of Oklahoma," add nothing to Plaintiffs' case for specific jurisdiction.

(Pet. ¶¶ 17, 18). These kinds of generic, group allegations against all defendants cannot

suffice to establish specific jurisdiction, as Plaintiffs must establish specific jurisdiction

as to each defendant. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's

contacts with the forum State must be assessed individually."); *Rush v. Savchuk*, 444 U.S.

7

320, 332 (1980) ("The requirements of *International Shoe*, however, must be met as to each defendant over whom a state court exercises jurisdiction.").

Second, not a single Plaintiff has established that his or her injuries "arise out of" Teva's purported forum-related activities. The Petition does not so much as identify any specific Plaintiff as an Oklahoma resident, much less allege that any Plaintiff was prescribed or purchased propoxyphene-containing medications manufactured, marketed, or sold by Teva in Oklahoma. The Petition also does not allege that any Plaintiff ingested a propoxyphene-containing product manufactured, marketed, or sold by Teva in Oklahoma, or that any Plaintiff allegedly suffered an injury or received treatment in Oklahoma. Put simply, the Petition is utterly devoid of a single allegation establishing a nexus between Teva, any named Plaintiff, and the State of Oklahoma. As such, Plaintiffs have not met their burden of establishing specific jurisdiction over Teva and in the claims against Teva should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Teva Pharmaceuticals USA, Inc. is entitled to judgment on the pleadings in its favor and hereby requests that this Court enter an Order dismissing all of Plaintiffs' claims against Teva for lack of personal jurisdiction.

This 29th day of July, 2015.

Respectfully submitted,

*/s/ Thomas G. Wolfe*
Thomas G. Wolfe, OBA No. 11576
John M. Bunting, OBA No. 31503
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor

8

101 North Robinson Avenue
Oklahoma City, OK  73102
(405) 235-4100; fax (405) 235-4133
jmbunting@phillipsmurrah.com
tgwolfe@phillipsmurrah.com

/s/ *Lori G. Cohen*
Lori G. Cohen, (GBA No. 174455)
(*Pro Hac Vice*)
Victoria Davis Lockard, (GBA No. 213077)
(*Pro Hac Vice*)
GREENBERG TRAURIG LLP
Terminus 200
333 Piedmont Road, NE
Suite 2500
Atlanta, GA  30305
Tele: (678) 553-2100
Fax: (678) 553-2386
cohenl@gtlaw.com
lockardv@gtlaw.com

***Attorneys for Defendant***
***Teva Pharmaceuticals USA, Inc.***

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSE SANTINI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 5:15-cv-00568-R |
| vs. | ) |
| | ) |
| ELI LILLY AND COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2015, I electronically filed the

foregoing document with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to all CM/ECF participants in this matter.


*/s/ Thomas G. Wolfe*